[No. D022497. Fourth Dist., Div. One. May 1, 1995.]

MEDIPLEX OF CALIFORNIA, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
CASA DE LAS CAMPANAS et al., Real Parties in Interest.

## COUNSEL

Balestreri, Dorigan & Pendleton, Thomas A. Balestreri, Jr., Mary B. Pendleton and Michael M. Freeland for Petitioner.

No appearance for Respondent.

Wingert, Grebing, Anello & Brubaker, Charles R. Grebing, Robert L. Johnson, John S. Addams, Sheppard, Mullin, Richter & Hampton, Richard M. Freeman and John A. Yacovelle for Real Parties in Interest.

## OPINION

NARES, J.—In this case, we are asked to decide whether a nonsettling defendant who opposes a good faith settlement motion is entitled to see the settlement agreement. We conclude a nonsettling defendant has a right to review the agreement notwithstanding the settlors' protests that the confidential terms and contingencies do not affect the offset. The nonsettling defendant must be given an opportunity to determine independently whether the undisclosed terms arguably have an effect on reducing the offset.

### FACTUAL AND PROCEDURAL BACKGROUND

Casa de las Campanas (Casa) filed a construction defect suit against developer Mediplex of California, Inc., general contractor the Law Company, Inc., doing business as Lawco Construction, Inc. (Lawco) and others.

Lawco cross-complained against Mediplex and others for express, implied and equitable indemnity, breach of contract, breach of warranties, negligence and declaratory relief.

After entering into a settlement with Casa, Lawco filed a motion for good faith settlement approval under Code of Civil Procedure section 877.6.[1] According to the moving papers, the agreement required Lawco to pay Casa $8 million and assign to Casa its indemnity and other claims against all nonsettling parties involved in the design, development or construction of the facility. The assignment was valued at $800,000 (10 percent of the $8 million settlement). The agreement also allowed Lawco to retain all claims it "might hold" against its insurance brokers, and all claims for attorney fees and costs against third parties and carriers that named Lawco as an additional insured on their subcontracts.

Lawco did not, however, produce the settlement agreement. While conceding the agreement contained "several other terms and contingencies," Lawco represented those terms did not have the effect of reducing the offset and thus were not disclosed to Mediplex or other nonsettling parties.[2]

At argument, the court found the settling parties made an appropriate disclosure of the settlement terms but continued the ruling so that Lawco could provide information on subcontractor insurance and attorney fees and costs of defense for purposes of valuing the assignment. The court thereafter issued an order without further hearing finding the settlement in good faith and the parties had "divulged the terms of the settlement necessary to determine whether [it] is in good faith."

Mediplex filed a petition for writ of mandate from the trial court's ruling, arguing it was an abuse of discretion to grant good faith settlement approval when the nonsettling parties never saw the confidential settlement agreement. We issued an order to show cause. The parties waived argument.

### DISCUSSION

■ Relying on *J. Allen Radford Co.* v. *Superior Court* (1989) 216 Cal.App.3d 1418 [265 Cal.Rptr. 535] and *Alcal Roofing & Insulation* v.

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] In its reply papers, Lawco noted, if counsel's assurances about the terms were not sufficient, it "would have no objection to the court reviewing the settlement agreement in camera at the court's request . . . to determine whether any other provisions need to be disclosed." There is, however, no indication in the record that the trial court in fact requested or reviewed the written agreement.

*Superior Court* (1992) 8 Cal.App.4th 1121 [10 Cal.Rptr.2d 844], Mediplex argues requiring the nonsettling party to "proceed in darkness" without reviewing the written settlement agreement thwarts meaningful opposition to the settlement and emasculates section 877.6. Mediplex also asserts nondisclosure makes the determination of what terms are important subjective and opens the door to collusion.

Lawco[3] attempts to distinguish the cases factually—*Alcal* on the basis that the settlor failed to provide basic information (including the extent of, and consideration for, the indemnity right assignment) and *Radford* because it involved a sliding scale settlement. Lawco points out, however, even if *Alcal* and *Radford* apply, the cases recognize settling parties only have to disclose relevant or important terms of the agreement, and Lawco disclosed those terms.

In *Radford,* three of the parties agreed to a sliding scale settlement. The settlement was generally described in the good faith settlement motion papers but the actual agreement was not provided. Acknowledging the nonsettling party's predicament in having to oppose a good faith motion without seeing the written agreement, the trial court reviewed the agreement in camera and found the settlement in good faith but did not require production to the nonsettling party.

The Court of Appeal determined this procedure was not good enough: the nonsettling party should have been permitted to see the settlement agreement. The Second District explained: "[W]hile the parties are free to maintain the confidentiality of their sliding scale recovery agreement, they may not claim a privilege of nondisclosure when they move to confirm the good faith of their settlement under section 877.6. In California, '[e]xcept as otherwise provided by statute[,] . . . [n]o person has a privilege to refuse to disclose any matter or to refuse to produce any writing, object, or other thing.' (Evid. Code, § 911, subd. (b).) Since no statute allows the moving party under section 877.6 to refuse to disclose the very terms of the sliding scale settlement agreement that it contends was made in good faith, [the] settlement agreement was not privileged against [the nonsettling party's] request for disclosure." (*J. Allen Radford Co.* v. *Superior Court, supra,* 216 Cal.App.3d at p. 1423.) Noting the party asserting lack of good faith bears the burden of proof on that issue (§ 877.6, subd. (d)) and burden of producing evidence (Evid. Code, § 550, subd. (b)), the appellate court held the nonsettling party must be allowed to review the agreement if he is to meet

---

[3]Lawco and Casa filed a joint response to the petition. For convenience, however, we refer to them collectively as "Lawco."

his burden of proof. (*J. Allen Radford Co.* v. *Superior Court, supra,* 216 Cal.App.3d at pp. 1423-1424.)

*Alcal* reaches a similar conclusion. There, the trial court approved a settlement in a multiparty, multi-issue construction defect action without reviewing the written settlement agreement. The settlement left one nonsettling party, the roofer, exposed to substantial damages with a small offset. The roofer took a writ.

Relying on *City of Grand Terrace* v. *Superior Court* (1987) 192 Cal.App.3d 1251 [238 Cal.Rptr. 119], the developer argued the court does not need to review the written agreement since it may approve a settlement under section 877.6 based on a "barebones" declaration describing the general terms. Rejecting the argument and issuing the writ, the First District explained:

"Developer overstates the impact of *Grand Terrace.* The court there merely suggested that because many settlements are uncontested the settlor's initial papers need only 'set forth the ground of good faith accompanied by a declaration which sets forth a brief background of the case.' . . . This does not excuse settlors in a *contested* case from making available to nonsettlors and the court the details of the settlement. We note that a party may not both seek confirmation of a settlement agreement and withhold it from nonsettling defendants on the grounds of confidentiality. . . .

"We agree with developer that a written settlement agreement need not be executed and presented as long as the court and all the parties are timely advised of the important terms of the settlement. But roofer disputes developer's assertion that the court was aware of the key terms of the settlement. Roofer says that even to this day neither the court nor roofer knows what the settlement agreement says. We too lack critical information. After asking pointed questions during oral argument, we still are not certain who settled with whom and which parties made what allocations to roofing issues." (*Alcal Roofing & Insulation* v. *Superior Court, supra,* 8 Cal.App.4th at p. 1127, original italics, citations omitted.)

The case before us has features of both *Alcal* and *Radford.* We have a major litigant—the general contractor in a multiparty, multi-issue construction defect action—settling out of the case, the developer facing significant damages, the developer attempting to challenge the settlement based on the valuation of the assignment and a failure or refusal to produce the written settlement agreement. The fact that our settlement is not a sliding scale is a distinction without a difference: it consists of cash and noncash consideration, presents valuation problems and admittedly contains a number of

contingencies. In short, we see no valid reason to distinguish *Radford* or *Alcal* factually.

Nor are we persuaded by Lawco's argument that parties may withhold the written agreement as long as they have revealed the important terms. That may be true absent an objection to the settlement as suggested in *Grand Terrace*,[4] but that is not the case on a contested motion. (*Alcal Roofing & Insulation* v. *Superior Court*, *supra*, 8 Cal.App.4th at p. 1127.)

The burden was on Mediplex here as the party contesting the motion to prove lack of good faith. Lawco has not directed us to authority allowing it to refuse disclosure of any provision in a settlement it contends was made in good faith. There is nothing in the record to explain the need for confidentiality. There is likewise nothing to suggest the trial court reviewed the written agreement. The trial court nevertheless found Lawco disclosed sufficient terms to determine the settlement was good faith and refused to require production of the agreement. In this way, the court put Mediplex in the position of having to "take on faith" that its adversaries properly decided what terms were important and fairly represented them. We cannot adopt such an approach.

First, we note, while the interests of the settling parties may be "adverse" on the total settlement, they are not entirely adverse when it comes to valuing the offset. In the usual case, the plaintiff wants to keep the offset as low as possible to maximize the nonsettling parties' exposure; a settling defendant on the other hand may have little interest in the offset or may

---

[4] In *City of Grand Terrace* v. *Superior Court*, *supra*, 192 Cal.App.3d at page 1261, the court explained: "This court notes that of the hundreds of motions for good faith determination presented for trial court approval each year, the overwhelming majority are unopposed and granted summarily by the trial court. At the time of filing in many cases, the moving party does not know if a contest will develop. If each motion required a full recital by declaration or affidavit setting forth a complete factual response to all of the *Tech-Bilt* factors [*Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates* (1985) 38 Cal.3d 488 (213 Cal.Rptr. 256, 698 P.2d 159)], literally thousands of attorney hours would be consumed and inch-thick motions would have to be read and considered by trial courts in an exercise which would waste valuable judicial and legal time and clients' resources. It must also be remembered that *Tech-Bilt* was decided on a contested basis. We are unaware of any reported decision which has reversed an *uncontested* good faith determination and we, therefore, conclude that only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the *Tech-Bilt* factors. That is to say, when no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient.

"If the good faith settlement is contested, section 877.6, subdivision (d), sets forth a workable ground rule for the hearing by placing the burden of proving the lack of good faith on the contesting party." (Original italics.)

stand to gain in negotiations by cooperating with plaintiff. This lack of complete adversity may cause problems when consideration for the settlement is anything other than a lump sum payment since such consideration is often subtle, may be subject to interpretation and allows for a certain amount of flexibility in defining the offset. Where as here the settlement is not a discrete money payment but includes an assignment of rights and admittedly undisclosed contingencies, its terms cannot be left to the settlors alone.

The trial court's approach is also a difficult one for the client to accept. A client would be incredulous to hear his lawyer say he was relying on opposing counsel and would not be reading the agreement. The client retains his attorney to pore over documents, evaluate their effect and advise him: this is not the kind of service opposing counsel or the court should perform. If it further turns out the settlement was undervalued, the client cannot be expected to look to opposing counsel or the court for help. In the last analysis, if the onus is on Mediplex to come forward with evidence, its counsel must be allowed to do the job: counsel cannot be expected to do it without reviewing the settlement agreement.

As such, we conclude the settlement agreement should have been produced for Mediplex. Although we have no quarrel with the dicta in *Alcal* that the parties are not required to execute and present a written settlement agreement for good faith settlement approval,[5] the language is of little practical concern because there are few construction defect cases that settle without a written agreement. Moreover, where as here a written agreement does exist and the settlors want judicial confirmation that their settlement is in good faith, the settling parties must produce the agreement for the nonsettling party who opposes the motion.

Let a writ of mandate issue directing the trial court to vacate its order confirming good faith settlement and enter an order consistent with this opinion.

Huffman, Acting P. J., and Froehlich, J., concurred.

---

[5]Although not directly before us, we interpret the statement in *Alcal* to mean parties may enter settlements on the record in the absence of a written agreement. Whether the trial court must give good faith approval to a settlement only partially recited on the record and/or whether the court may restrict nonsettling parties' access are questions that are not addressed in *Alcal* and better left for another day.